# UNITED STATES COURT OF APPEALS
**Filed 10/28/96**
## TENTH CIRCUIT

NASIF GADELKARIM,

      Plaintiff-Appellant,

v.

CHUCK SIMMONS, Secretary of
Corrections; ROBERT D.
HANNIGAN, Warden, Hutchinson
Correctional Facility; GLEN LEE,
Correctional Officer, Hutchinson
Correctional Facility; CHARLES L.
BORING, Correctional officer,
Hutchinson Correctional Facility;
JUDITH WARNER, Nurse,
Hutchinson Correctional Facility,

      Defendants-Appellees.

No. 95-3366
(D.C. No. 95-CV-3409)
(Dist. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Nasif Gadelkarim filed this pro se action under 42 U.S.C. § 1983 alleging that state officials at the Hutchinson Correctional Facility in Kansas violated his Fourteenth Amendment right to due process by denying him permission to call a witness in a prison disciplinary hearing. Mr. Gadelkarim was disciplined for failure to obey a direct order to leave the prison clinic. He had gone to the clinic to inquire whether, under his monitored diet, he could have sausage for dinner rather than chicken. Although a correctional officer and nurse testified at the hearing that a direct order to leave the clinic was given and disobeyed, Mr. Gadelkarim testified that it was not and wished to call an inmate who was present in the clinic at the time of the incident as a witness. Mr. Gadelkarim was refused permission to call his witness and subsequently received a punishment of fourteen days disciplinary segregation and thirty days restriction in privileges.

Reviewing Mr. Gadelkarim's due process right to call witnesses under Sandin v. Conner, 115 S. Ct. 2293 (1995), the district court dismissed Mr. Gadelkarim's complaint for failure to state a claim. The court then denied Mr. Gadelkarim leave to proceed *in forma pauperis* on this appeal after finding that

the appeal was legally frivolous and not taken in good faith.

This matter is before the court on Mr. Gadelkarim's motion for leave to proceed on appeal without prepayment of costs or fees. We agree with the district court that Sandin controls the disposition of this case. Because Mr. Gadelkarim has failed to allege facts that indicate he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," or that his punishment would "inevitably affect the duration of his sentence," he has failed to state a basis in law or in fact on which his due process claim can be founded. Id. at 2300, 2302. Thus, Mr. Gadelkarim's appeal is frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.").

Both the former subsection (d) and the newly enacted subsection (e)(2)(B)(I) of 28 U.S.C. § 1915 permit us to dismiss a frivolous appeal. 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321 (effective April 26, 1996).

Accordingly, the motion for leave to proceed on appeal without prepayment of costs or fees is DENIED.

                                        ENTERED FOR THE COURT


                                        Stephanie K. Seymour
                                        Chief Judge